**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BHUPINDER SHERGILL SINGH, | No. 04-75205 |
| Petitioner, | Agency No. A078-959-021 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Bhupinder Shergill Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' summary affirmance of the Immigration

Judge's ("IJ") denial of his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT") based on an adverse

credibility determination. We have jurisdiction under 8 U.S.C. § 1252. We review

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the IJ's adverse credibility finding for substantial evidence and must uphold the decision unless the evidence compels a contrary result. *Tekle v. Mukasey,* 533 F.3d 1044, 1051 (9th Cir. 2008). We affirm.

Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding. Singh testified that he drove a taxi from 1998 to 2000 as his full-time job and was arrested a third time after driving militants in his taxi. In his application for redetermination of custody status, however, he stated that he was a farm worker during this period. When questioned about the inconsistency, Singh was evasive and nonresponsive. Because Singh provided inconsistent statements regarding the circumstances of his third arrest, the IJ's adverse credibility finding is supported. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (holding adverse credibility finding was supported based on discrepancies between alien's testimony and statements regarding a police detention).

Because Singh failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim also fails because it is based on the same testimony that the IJ found not credible, and Singh points to no other evidence that should be considered. *See id.* at 1157.

AFFIRMED.